STATE OF MAINE
KNOX, SS.

STATE OF MAINE
Knox. S.S., Clerks Office
SUPERIOR COURT

JAN 31 2001

RECEIVED AND FILED
Susan Guillette, Clerk

SUPERIOR COURT
Docket No. CR 00 - 343

FCM - KNO - 1/31/2001

STATE OF MAINE                    )
                                  )
                                  )
          v.                      )          **ORDER ON MOTION FOR FUNDS**
                                  )
                                  )
April Rawley,                     )
          Defendant.              )

The Defendant was indicted for assault. While it is not specifically stated, it would appear that it is a "Class C" assault by virtue of 17-A M.R.S.A. §1252(4-A) and the allegations of other assault convictions. Defendant's counsel has now requested that funds be provided to obtain the services of a mental health professional for assistance in her defense. For reasons stated hereafter the motion is DENIED.

The factual allegations made in the motion are a storied narrative of an unhappy life. It is not fact specific in any meaningful way. Rather it states the circumstances in conclusory terms. Thus there is no way to assess the relevance of any expert testimony. Moreover, nothing offered deals in specific terms with the law of assault which requires all persons to refrain from causing bodily injury or offensive physical contact to others regardless of their relationship.

The Court has reviewed the matters included in the Defendant's memorandum of law. It cites several cases but most of them are irrelevant since they seem to have as their predicate the fact that they are "death penalty" cases. For instance, in Ake v. Oklahoma, 470 US 68. 84 L Ed 2d 53. 69, 105 S Ct 1087 (1985), Chief Justice Burger in concurrence amplified the Court's opinion as follows: "In capital cases the finality of the sentence imposed warrants protections that may or may not be required in other cases. Nothing in the Court's opinion reaches non-capital cases." Ake, is cited in United State v. Sloan, 776 F2d 926 (10th Cir. 1985).

The Court in Sloan said: "[T]he issue is whether an indigent defendant

is entitled to the appointment of a psychiatrist to aid in his defense when there is a genuine issue of his sanity and of his mental capacity to form specific intent even though a psychiatrist had previously been appointed to examine the defendant at the request of the government." Id, 927. From the materials presented to date, nothing suggest that there is a "genuine issue of sanity" nor of "specific intent". In the absence of any evidence to that effect, there are no grounds to provide what would appear to be irrelevant expert evidence.

The within motion is denied. Leave is granted for counsel to provide relevant evidence if there is any and any scientific literature that supports the hypothesis attempted to be suggested by counsel. Any writing must cite relevant Maine law.

Dated:  January 31, 2001

_____
FRANCIS C. MARSANO
JUSTICE, SUPERIOR COURT

Defendant's Attorney:

Andrews Campbell, Esq.
18 Water Street
Thomaston, ME   04861

State's Attorney:

Geoffrey Rushlau, Esq.
District Attorney
62 Union Street
Rockland, ME   04841